**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRUCE HUNTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00370-SPM |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Bruce Hunter's (1) application to proceed in district court without prepaying fees or costs, and (2) motion to appoint counsel.  The Court denies both motions without prejudice.  If Plaintiff seeks to proceed in this action, he shall either pay the $405 filing fee or file a complete application to proceed without prepaying fees and costs in accordance with this Order.

**I.      Application to Proceed Without Prepaying Fees and Costs**

Plaintiff's application to proceed in district court without prepaying fees or costs is incomplete, and is denied without prejudice.  Doc. [2].  Plaintiff has not indicated on his application the name of his employer and whether he receives several other sources of income.  Although he has checked the box stating that he has received disability payments or workers compensation payments over the past

year, he has not stated the amount.  Also, he has not checked whether he receives income from any business, profession, or other self-employment; rent payments, interest, or dividends; pension, annuity, or life insurance; gifts or inheritance; or any other income over the past year.  Nor has he answered questions 5 or 8, seeking additional information regarding his financial status.  For these reasons, the Court denies Plaintiff's application without prejudice.  If he seeks to continue this action, he shall either pay the full $405 filing fee or file a complete application, answering all the questions, including those asking all his sources of income and the amounts.

## II.    Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel.  Doc. [3].  The motion will be denied at this time.  In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the

ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepayment of fees and costs is **DENIED** without prejudice. Doc. [2]

**IT IS FURTHER ORDERED** that within 21 days Plaintiff shall either pay the $405 filing fee or file a complete application according to the directions above. The Clerk of Court shall mail Plaintiff a form application to proceed in district court without prepaying fees or costs.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED** without prejudice. Doc. [3]

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Order, this action will be dismissed without prejudice and without further notice.

3

Dated this 5th day of  May, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE